UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                            Case No. 3:23-cv-611-MMH-MCR

RUDOLF SZILAGYI and LUCICA
SZILAGYI,

    Defendants.
_____/

## REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court on Plaintiff's Motion for Default Judgment ("Motion") (Doc. 13). Although the Motion was served on Defendants on September 1, 2023 (*see* Doc. 14), to date, no response has been filed and the time for filing a response has passed; accordingly, the Motion is treated as unopposed. For the reasons stated herein, the undersigned recommends that the Motion be **GRANTED**.

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed.R.Civ.P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed.R.Civ.P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1.

I. **Background**

On May 20, 2023, Plaintiff, United States of America, commenced this action against Defendants, Rudolf Szilagyi and Lucica Szilagyi, by filing a two-count Complaint in this Court for unpaid federal income tax liabilities. (Doc. 1.) Count I of the Complaint alleges that Rudolf Szilagyi failed to pay in full his federal income tax liabilities for the years 2005, 2009, and 2012, when he elected the status married filing separately, despite receiving notices and demands for payment from the Internal Revenue Service ("IRS"). (*Id.* at ¶¶ 5-8.) As alleged in the Complaint, Rudolf Szilagyi remains liable to the United States for federal tax liabilities for the years 2005 ($29,309.86), 2009 ($1,654.54), and 2012 ($1,030.75), in the total amount of $31,995.15, plus interest and other statutory additions accruing thereafter. (*Id.* at ¶ 9 (also stating that this amount accounts "for payments, abatements, credits, penalties, interest, and other statutory additions accruing through April 3, 2023").)

Count II of the Complaint alleges that Rudolf and Lucica Szilagyi failed to pay in full their federal income tax liabilities for the years 2015 through 2019, when they elected the status married filing jointly, despite receiving notices and demands for payment from the IRS. (*Id.* at ¶¶ 10-13.) As alleged in the Complaint, Rudolf and Lucica Szilagyi remain jointly and severally liable to the United States for federal tax liabilities for the years 2015

2

($5,050.89), 2016 ($4,936.86), 2017 ($2,305.30), 2018 (27,498.38), and 2019 ($15,281.03), in the total amount of $55,072.46, plus interest and other statutory additions accruing thereafter. (*Id.* at ¶ 14 (also stating that this amount accounts "for payments, abatements, credits, penalties, interest, and other statutory additions accruing through April 3, 2023").)

The Complaint further alleges that this lawsuit is timely because:

> 17.   On September 21, 2020, the Defendants, Rudolf and Lucica Szilagyi, submitted a proposal to the IRS for payment of their delinquent income tax liabilities, including those for 2005 and 2009, in installments. The IRS rejected this proposal on March 17, 2021.
>
> 18.   This proposed installment agreement suspended the limitations period under 26 U.S.C. § 6502 for the income-tax liabilities at issue by the time, 177 days, the proposal was pending, plus 30 days after the proposal was rejected, for a total of 207 days. This action is therefore timely under 26 U.S.C. § 6502, even though the income tax assessments at issue for 2005 and 2009 are more than ten years old.

(*Id.* at ¶¶ 17-18.) In addition to seeking a judgment finding that Defendants are indebted to the United States, the Complaint seeks an award of costs incurred in this action. (*Id.* at 8.)

On May 30, 2023, Steven Cook with Cooks Process Serving, LLC served Defendants with the summons and the Complaint at their place of residence at 14362 Cherry Lake Drive East, Jacksonville, Florida. (Docs. 7 & 8.) On July 3, 2023, Plaintiff filed a Motion for Clerk's Default due to Defendants' failure to plead or otherwise defend in this action, which was served on

3

Defendants by first-class mail that same day. (Doc. 9.) On July 5, 2023, the Clerk entered a default against each Defendant. (Doc. 10.)

On August 16, 2023, Judge Howard entered an Order directing Plaintiff to show cause by September 1, 2023 why this case should not be dismissed for failure to prosecute by seeking a default judgment or, alternatively, by filing "a paper identifying each unresolved issue . . . necessary to entry of the default judgment" as required by Local Rule 1.10(c)." (Doc. 12 at 1.) On September 1, 2023, Plaintiff filed the present Motion and accompanying declarations in support of a default judgment against Defendants. (Doc. 13.) The Motion was served on Defendants via first-class mail that same day. (*See* Doc. 14.)

**II.   Standard**

Rule 55 of the Federal Rules of Civil Procedure establishes a two-step process for obtaining a default judgment. First, when a defendant fails to plead or otherwise defend a lawsuit, the clerk of court is authorized to enter a clerk's default against the defendant. *See* Fed.R.Civ.P. 55(a). Second, after receiving the clerk's default, the plaintiff must apply to the court for a default judgment, except in limited circumstances when application may be made to the clerk. *See* Fed.R.Civ.P. 55(b). A default judgment may be entered "against a defendant who never appears or answers a complaint, for in such

4

circumstances the case never has been placed at issue." *Solaroll Shade & Shutter Corp. v. Bio-Energy Sys., Inc.*, 803 F.2d 1130, 1134 (11th Cir. 1986).

All well-pleaded allegations of fact are deemed admitted upon entry of default, but before entering a default judgment, the court must ensure that it has jurisdiction over the claims and that the complaint adequately states a claim for which relief may be granted. *See Nishimatsu Costr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975); *see also GMAC Commercial Mortg. Corp. v. Maitland Hotel Assocs., Ltd.*, 218 F. Supp. 2d 1355, 1359 (M.D. Fla. 2002). A sufficient basis must exist in the pleadings for the judgment entered. *See Nishimatsu*, 515 F.2d at 1206. A defendant "is not held to admit facts that are not well-pleaded or to admit conclusions of law." *See id.*; *see also Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978) (stating that "facts which are not established by the pleadings of the prevailing party, or claims which are not well-pleaded, are not binding and cannot support the judgment").

Rule 8 provides that a complaint must include (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for relief. *See* Fed. R. Civ. P. 8(a). A complaint meets the requirements of Rule 8, if in light of the nature of the action, the complaint provides factual allegations, which are assumed to be

5

true, sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'").

Further, "the party invoking the court's jurisdiction bears the burden of proving, by a preponderance of the evidence, facts supporting the existence of federal jurisdiction." *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002) (per curiam).

> Subject matter jurisdiction in a federal court may be based upon federal question jurisdiction or diversity jurisdiction. 28 U.S.C. §§ 1331, 1332. Diversity jurisdiction exists where the plaintiffs and defendants are citizens of different states, and the amount in controversy exceeds $75,000. . . . Absent diversity of citizenship, a plaintiff must present a substantial federal question in order to invoke the district court's jurisdiction.

*Walker v. Sun Trust Bank of Thomasville, GA*, 363 F. App'x 11, 15 (11th Cir. 2010) (per curiam) (internal quotation marks omitted).

The Court must also ensure that the defaulting defendant was properly served. "It is axiomatic that absent good service, the Court has no *in personam* or personal jurisdiction over a defendant." *Tacoronte v. Tate & Kirlin Assocs.*, No. 6:13-cv-331-Orl-37DAB, 2013 WL 5970720, *4 (M.D. Fla. Nov. 8, 2013) (adopting Aug. 6, 2013 report and recommendation) (internal citations omitted). "Without personal service of process in accordance with

6

applicable law, a federal court is without jurisdiction to render a personal judgment against a defendant." *Id.* (citing *Royal Lace Paper Works, Inc. v. Pest-Guard Prods., Inc.*, 240 F.2d 814, 816 (5th Cir. 1957)[2]).

Further, when a plaintiff seeks entry of a default judgment against an individual defendant, the plaintiff must also comply with § 521 of the Servicemembers Civil Relief Act ("SCRA"), which requires, *inter alia*, the filing of an affidavit:

> (A) stating whether or not the defendant is in military service and showing necessary facts to support the affidavit; or
> (B) if the plaintiff is unable to determine whether or not the defendant is in military service, stating that the plaintiff is unable to determine whether or not the defendant is in military service.

50 U.S.C. App'x § 521(b)(1).

### III.  Discussion

#### A.  Preliminary Matters

The Complaint adequately alleges federal question jurisdiction pursuant to 28 U.S.C. §§ 1331, 1340, and 1345, and 26 U.S.C. § 7402.  (*See* Doc. 1 at ¶ 3.)  In addition, the Complaint adequately alleges that venue is proper in the Middle District of Florida pursuant to 28 U.S.C. §§ 1391(b), 1396, because Defendants reside in Duval County, Florida.  (Doc. 1 at ¶ 4.)

---

[2] All Fifth Circuit decisions entered before October 1, 1981 were adopted by the Eleventh Circuit as binding precedent.  *Bonner v. Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

Further, the entry of a default against each Defendant was proper because despite being served with process on May 30, 2023,[3] Defendants failed to plead or otherwise defend in this action.  Additionally, Plaintiff has submitted documentation, including the Declaration of Larry Steven Schifano, lead counsel for the United States, and accompanying status reports from the Department of Defense Manpower Data Center, satisfying the requirements of § 521 of the SCRA.  Mr. Schifano's Declaration states, in relevant part:

> 3.  Rudolf and Lucica Szilagyi are not minors or incompetent adults.  This statement is based upon my review of the Internal Revenue Service's investigation files to which I have access as counsel for the United States in this proceeding.
>
> 4.  On July 27, 2023, I submitted Rudolf Szilagyi's name and social security number to the website maintained by the Department of Defense Manpower Data Center to determine what, if any, status he has with the Department of Defense.  Attached to this declaration at pages 4-5 is a true and complete copy of the certificate provided by the Department of Defense in response to my inquiry.  The certificate indicates that Rudolf Szilagyi is not on active-duty status with the United States military within the purview of the Servicemembers Civil Relief Act, 50 U.S.C. § 3931.

---

[3] Both Proof of Service forms were dated June 5, 2023 and were signed by Steven Cook, who left the summons for Lucica Szilagyi with her spouse, Rudolph Szilagyi, on May 30, 2023 at 6:45 p.m., and personally served Rudolf Szilagyi at the same address. (Docs. 7 & 8.)  Although the process server did not fill in the date of service as to Rudolf Szilagyi, considering the overlap between the two Proof of Service forms and the fact that Mr. Szilagyi accepted the service documents on behalf of his wife on May 30, 2023, it is obvious that he received his service documents at the same time.  In any event, considering the same date on both Proof of Service forms, Mr. Szilagyi was served with process on or before June 5, 2023.

8

> 5. On July 27, 2023, I submitted Lucica Szilagyi's name and social security number to the website maintained by the Department of Defense Manpower Data Center to determine what, if any, status she has with the United States Department of Defense. Attached to this declaration at pages 6-7 is a true and complete copy of the certificate provided by the Department of Defense in response to my inquiry. The certificate indicates that Lucica Szilagyi is not on active-duty status with the United States military within the purview of the Servicemembers Civil Relief Act, 50 U.S.C. § 3931.

(Doc. 13-1 at 2.)

### B. Liability and Damages

The Complaint adequately states a claim for unpaid federal income tax liabilities against Defendants. Specifically, in Count I, the Complaint alleges that: (1) Rudolf Szilagyi filed his 2005 and 2009 income tax returns more than five months after they were due and failed to make adequate estimated tax payments against his liability for 2005; (2) for the years 2005, 2009, and 2012, Mr. Szilagyi failed to pay in full the income tax due shown on his returns; (3) a delegate of the Secretary of the Treasury made assessments against Mr. Szilagyi as itemized in the Complaint; (4) the IRS properly sent notices of the assessments and demands for payment to Mr. Szilagyi; (5) despite these notices and demands for payment, Mr. Szilagyi failed to pay in full his federal income tax liabilities for 2005, 2009, and 2012; and (6) accounting for payments, abatements, credits, penalties, interest, and other statutory additions accruing through April 3, 2023, Mr. Szilagyi remains

9

liable to the United States for federal tax liabilities for the years 2005 ($29,309.86), 2009 ($1,654.54), and 2012 ($1,030.75), in the total amount of $31,995.15, plus interest and other statutory additions accruing thereafter. (Doc. 1, ¶¶ 5-9.)  Then, in Count II, the Complaint alleges that: (1) Mr. and Mrs. Szilagyi filed their 2016 and 2017 returns more than five months late and failed to make adequate estimated tax payments for 2015, 2017, 2018, and 2019; (2) for the years 2015 through 2019, they failed to pay the tax due shown on their returns; (3) a delegate of the Secretary of the Treasury made assessments against Mr. and Mrs. Szilagyi as itemized in the Complaint; (4) the IRS properly sent notices of these assessments and demands for payment to Mr. and Mrs. Szilagyi; (5) despite these notices and demands for payment, Mr. and Mrs. Szilagyi failed to pay in full the tax liabilities itemized in the Complaint; and (6) accounting for payments, abatements, credits, penalties, interest, and other statutory additions accruing through April 3, 2023, Mr. and Mrs. Szilagyi remain jointly and severally liable to the United States for federal tax liabilities for the years 2015 ($5,050.89), 2016 ($4,936.86), 2017 ($2,305.30), 2018 ($27,498.38), and 2019 ($15,281.03), in the total amount of $55,072.46, plus interest and other statutory additions accruing thereafter. (Doc. 1, ¶¶ 10-14.)

The Complaint also alleges that this lawsuit is timely because:

> 17.     On September 21, 2020, the Defendants, Rudolf and Lucica Szilagyi, submitted a proposal to the IRS for payment of their delinquent income tax liabilities, including those for 2005 and 2009, in installments.  The IRS rejected this proposal on March 17, 2021.
>
> 18.     This proposed installment agreement suspended the limitations period under 26 U.S.C. § 6502 for the income-tax liabilities at issue by the time, 177 days, the proposal was pending, plus 30 days after the proposal was rejected, for a total of 207 days.  This action is therefore timely under 26 U.S.C. § 6502, even though the income tax assessments at issue for 2005 and 2009 are more than ten years old.

(Doc. 1 at ¶¶ 17-18.)

By virtue of the default, Plaintiff's well pleaded allegations against Defendants are deemed admitted.  In addition, the allegations in the Complaint are substantiated by the detailed Declarations of IRS Revenue Officer Jacob Astarita and IRS Tax Computation Specialist Jean Mackay, and the documents attached thereto.  (Docs. 13-2 & 13-3.)  The Declaration of Mr. Astarita provides, in relevant part, as follows:

> 13.     Accounting for payments, abatements, credits, penalties, interest, and other statutory additions accruing through August 7, 2023, Rudolf Szilagyi remains liable to the United States for federal tax liabilities pertaining to the years 2009 and 2012 in the total amount of $2,791.28, plus interest and other statutory additions accruing thereafter, itemized as [$1,735.32 for 2009 and $1,055.96 for 2012.]
> . . .
>
> 18.     Accounting for payments, abatements, credits, penalties, interest, and other statutory additions accruing through August 7, 2023, Rudolf and Lucica Szilagyi remain jointly and severally liable to the United States for the federal tax liabilities described

11

> in paragraph 15 in the amount of $56,318.85, plus interest and other statutory additions accruing thereafter, itemized as [$5,174.42 for 2015; $5,057.60 for 2016; $2,360.90 for 2017; $28,135.00 for 2018; and $15,590.93 for 2019.]
>
> 19.   On September 21, 2020, the Defendants, Rudolf and Lucica Szilagyi, submitted a proposal to the IRS for payment of their delinquent income tax liabilities, including those for 2005 and 2009, in installments.  The IRS rejected this proposal on March 17, 2021.

(Doc. 13-2 at 5-8.)

Further, the Declaration of Ms. Mackay, whose "task was to calculate the balance as of August 7, 2023, on the Service's account for Rudolf Szilagyi's 2005 income tax liability" (Doc. 13-3, ¶ 7), provides in relevant part:

> 9.   The INTST balance on the 2005 account is overstated. Counsel for the United States in this action informed me that the collection statute of limitations for the 2011 assessment lapsed on March 17, 2022 ("lapse date").  Therefore, the portion of the INTST balance deriving from the 2011 assessment is not part of the government's claim in this action.
>
> 10.   To address this overstatement of the INTST balance, I manually calculated the balance on the 2005 account, as of August 7, 2023, using InterestNet.  This effort involved two steps.  First, I input the IDRS transactions in the 2005 account necessary to calculate the balance on the 2011 assessment as of the March 17, 2022, lapse date.  The InterestNet worksheet for this calculation, called a "490 Activity Summary," is attached at page 6.  InterestNet generated a balance of $14,626.97 for the 2011 assessment as of the lapse date.
>
> 11.   Second, I input all of the IDRS transactions in the 2005 account plus a fictitious payment of $14,626.97 made on March 17, 2022.  The fictitious payment reduced the balance of the 2005 account by the amount attributable to the 2011

12

> assessment on March 17, 2022. The remaining balance due is attributable to the income tax assessment made against Mr. Szilagyi on February 11, 2013, and the penalty and interest accruals resulting from that unpaid tax assessment. Based upon the foregoing account transactions, I generated a second InterestNet worksheet, attached at pages 7-8, calculating that remaining balance on the 2005 account to be $30,091.74 as of August 7, 2023.
>
> 12. IRS personnel routinely rely upon manual calculations utilizing InterestNet, like those described in paragraphs 10-11 and the worksheets at pages 6-8.

(Doc. 13-3, ¶¶ 9-12.)

Based on the allegations in the Complaint and the statements in the above quoted Declarations, Plaintiff has established Defendants' liability for unpaid federal income taxes as shown on the assessments referenced in the Complaint and the Declaration of Mr. Astarita. A taxpayer has the burden of overcoming the presumption of correctness by proving that the method of computing the tax, and therefore, the assessment, is arbitrary and without foundation. *Olster v. Commissioner of IRS*, 751 F.2d 1168, 1174 (11th Cir. 1985) (citing *Mersel v. United States*, 420 F.2d 517, 520 (5th Cir. 1970)). Here, by virtue of the default, Defendants have not attempted to overcome the presumption of correctness or otherwise challenge the assessments.

In addition, the undersigned accepts Plaintiff's allegation, which is substantiated by the Declaration of Mr. Astarita, that the lawsuit is timely for all assessments, including those made on February 11, 2013 for the tax

year ending on December 31, 2005 and those made on December 17, 2012 for the tax year ending on December 31, 2009. The Internal Revenue Code ("IRC") requires that a suit to collect taxes be filed within ten years of the assessment of taxes. *See* 26 U.S.C. § 6502(a)(1). "The period of limitations under section 6502 shall be suspended for the period during which the Secretary [of the Treasury] is prohibited under this subsection from making a levy." 26 U.S.C. § 6331(i)(5). Levying is prohibited in various circumstances, including: (1) when an offer in compromise is pending with the Secretary and during the 30 days after such offer is rejected by the Secretary, *see* 26 U.S.C. § 6331(k)(1); and (2) when an offer for an installment agreement is pending with the Secretary and during the 30 days after such offer is rejected by the Secretary, *see* 26 U.S.C. § 6331(k)(2). "The ultimate burden of proof on the limitations defense always rests on the taxpayer." *Feldman v. Comm'r of Internal Revenue*, 20 F.3d 1128, 1132 (11th Cir. 1994) (citation omitted). Here, Defendants' September 21, 2020 proposal for an installment agreement pertaining to the 2005 and 2009 income tax liabilities suspended the limitations period by 177 days, plus 30 days after the proposal was rejected, for a total of 207 days, which made the Complaint timely as to all assessments, including those made on February 11, 2013 (for the year 2005 taxes) and December 17, 2012 (for the year 2009 taxes). In sum, the assessments made against Defendants are presumptively valid. *See United*

14

*States v. Bennett*, No. 8:09-cv-1952-T-27TGW, 2011 WL 7090744, *3-5 (M.D. Fla. June 7, 2011).

Because Defendants have not appeared in this action to rebut the presumption that the assessments against them are correct, judgment should be entered against Defendants as set forth in the Motion and supporting declarations without a hearing on the amount of damages. First, as to Count I, a default judgment should be entered in favor of Plaintiff, United States of America, and against Defendant, Rudolf Szilagyi, for his federal income tax liabilities for the years 2005 ($30,091.74), 2009 ($1,735.32), and 2012 ($1,055.96), in the total amount of $32,883.02, as of August 7, 2023, plus interest and other statutory additions accruing thereafter pursuant to 26 U.S.C. §§ 6601, 6621, and 6622, to the date of payment. (*See* Doc. 13 at 1-2, 4.) Further, as to Count II, a default judgment be entered in favor of Plaintiff, United States of America, and against Defendants, Rudolf Szilagyi and Lucica Szilagyi, for their federal income tax liabilities for the years 2015 ($5,174.42), 2016 ($5,057.60), 2017 ($2,360.90), 2018 ($28,135.00), and 2019 ($15,590.93), in the total amount of $56,318.85, as of August 7, 2023, plus interest and other statutory additions accruing thereafter pursuant to 26 U.S.C. §§ 6601, 6621, and 6622, to the date of payment. (Doc. 13 at 2, 5.) Finally, although the Complaint also sought an award of costs incurred in

15

this action (*see* Doc. 1 at 8), Plaintiff does not seek costs in the Motion and there is no evidentiary support to substantiate such a request.

Accordingly, it is respectfully **RECOMMENDED** that:

1. The Motion (**Doc. 13**) be **GRANTED**.

2. A default judgment be entered in favor of Plaintiff, United States of America, and against Defendant, Rudolf Szilagyi, for his federal income tax liabilities for the years 2005 ($30,091.74), 2009 ($1,735.32), and 2012 ($1,055.96), in the total amount of $32,883.02, as of August 7, 2023, plus interest and other statutory additions accruing thereafter pursuant to 26 U.S.C. §§ 6601, 6621, and 6622, to the date of payment.

3. A default judgment be entered in favor of Plaintiff, United States of America, and against Defendants, Rudolf Szilagyi and Lucica Szilagyi, for their federal income tax liabilities for the years 2015 ($5,174.42), 2016 ($5,057.60), 2017 ($2,360.90), 2018 ($28,135.00), and 2019 ($15,590.93), in the total amount of $56,318.85, as of August 7, 2023, plus interest and other statutory additions accruing thereafter pursuant to 26 U.S.C. §§ 6601, 6621, and 6622, to the date of payment.

4. The Clerk of Court be directed to terminate any pending motions and close the file.

**DONE AND ENTERED** at Jacksonville, Florida, on November 13, 2023.

                                                       _____
                                                       MONTE C. RICHARDSON
                                                       UNITED STATES MAGISTRATE JUDGE

Copies to:

The Hon. Marcia Morales Howard
United States District Judge

Counsel of Record

Rudolf Szilagyi
14362 Cherry Lake Drive East
Jacksonville, FL 32258

Lucica Szilagyi
14362 Cherry Lake Drive East
Jacksonville, FL 32258

17