**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                     Case No. 3:23-cv-611-MMH-MCR

RUDOLF SZILAGYI and
LUCICA SZILAGYI,

    Defendants.
_____/

**O R D E R**

**THIS CAUSE** is before the Court on the Report and Recommendation (Doc. 15; Report) entered by the Honorable Monte C. Richardson, United States Magistrate Judge, on November 13, 2023. In the Report, Judge Richardson recommends that Plaintiff's Motion for Default Judgment (Doc. 13; Motion) be granted and a final default judgment be entered in favor of Plaintiff and against Defendants. See Report at 1, 16. No objections to the Report have been filed, and the time for doing so has now passed.

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). Pursuant to Rule 72, Federal Rules of Civil Procedure (Rule(s)), the Court "must determine de novo any part of the magistrate judge's disposition that has been

properly objected to." See Rule 72(b)(3); see also 28 U.S.C. § 636(b)(1). However, a party waives the right to challenge on appeal any unobjected-to factual and legal conclusions. See 11th Cir. R. 3-1.[1] As such, the Court reviews those portions of the Magistrate Judge's findings to which no objection was filed for plain error and only if necessary, in the interests of justice. See id.; see also Thomas v. Arn, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate [judge's] factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings."); Dupree v. Warden, 715 F.3d 1295, 1304-05 (11th Cir. 2013) (recommending the adoption of what would become 11th Circuit Rule 3-1 so that district courts do not have "to spend significant amounts of time and resources reviewing every issue—whether objected to or not.").

Upon independent review of the file and for the reasons stated in the Magistrate Judge's Report, the Court will accept and adopt the legal and factual conclusions recommended by the Magistrate Judge with two clarifications.[2] Accordingly, it is hereby

---

[1] The Magistrate Judge properly informed the parties of the time period for objecting and the consequences of failing to do so. See Report at 1 n.1.

[2] First, in the Report the Magistrate Judge found that a process server served Defendants at their home at least by June 5, 2023, when the server executed his proof of service affidavits. See Report at 8 n.3. This finding was necessitated by ambiguity as to the date of actual service because the process server failed to identify the date of service for Rudolf Szilagyi (Doc. 7), though he specified he served Lucica Szilagyi on May 30, 2023 (Doc. 8). Given that Rudolf Szilagyi accepted service for Lucica Szilagyi, the Magistrate Judge naturally concluded that Rudolf Szilagyi likely received process on May 30, 2023, as well. See Report at 8 n.3; Motion at 3. To avoid any doubt as to the Court's personal jurisdiction, the Court

**ORDERED:**

1. With the exception of footnote 3, the Magistrate Judge's Report and Recommendation (Doc. 15) is **ADOPTED AS CLARIFIED HERE**.

2. Plaintiff's Motion for Default Judgment (Doc. 13) is **GRANTED**.

3. The Clerk of Court is directed to enter default judgment in favor of Plaintiff, United States of America, and against Defendant, Rudolf Szilagyi, for his federal income tax liabilities for the years 2005 ($30,091.74), 2009 ($1,735.32), and 2012 ($1,055.96), in the total amount of $32,883.02, as of August 7, 2023, plus interest and other statutory additions accruing thereafter pursuant to 26 U.S.C. §§ 6601, 6621, and 6622, to the date of payment.

---

directed the United States to amend its proof of service. Order (Doc. 16). As ordered, the United States filed an amended affidavit that affirms that the process server personally served Rudolf Szilagyi on May 30, 2023. See Doc. 17. In light of this amendment, the Court need not adopt footnote 3 of the Report which addresses the ambiguity regarding service of process on Rudolf Szilagyi.

     Second, while the United States' briefing considered the timeliness of collection, 26 U.S.C. § 6502(a), it did not discuss the separate three-year statute of limitations on assessment, id. § 6501(a). See William H. Byrnes & Jason A. Fiske, 15 Mertens Law of Federal Income Taxation § 57:1. Absent justification, assessment of Rudolf Szilagyi's 2005 tax liability in 2013 could be untimely. But the Court need not reach this issue. As the Magistrate Judge correctly found, Defendants waived any statute of limitations affirmative defense by failing to appear. See Report at 14 (citing Feldman v. Comm'r, 20 F.3d 1128, 1132 (11th Cir. 1994)). Thus, the Court only adopts the Report's findings on timeliness to the extent that it found Defendants waived any statute of limitations affirmative defense. The Court does not unnecessarily decide whether the United States timely filed the Complaint "as to all assessments." See id.

4. The Clerk of Court is directed to enter default judgment in favor of Plaintiff, United States of America, and against Defendants, Rudolf Szilagyi and Lucica Szilagyi, for their federal income tax liabilities for the years 2015 ($5,174.42), 2016 ($5,057.60), 2017 ($2,360.90), 2018 ($28,135.00), and 2019 ($15,590.93), in the total amount of $56,318.85, as of August 7, 2023, plus interest and other statutory additions accruing thereafter pursuant to 26 U.S.C. §§ 6601, 6621, and 6622, to the date of payment.

5. The Clerk of the Court is further directed to terminate any deadlines and motions as moot and close the file.

**DONE AND ORDERED** in Jacksonville, Florida, on this 3rd day of January, 2024.

*[Signature]*
MARCIA MORALES HOWARD
United States District Judge

i59

Copies to:

Counsel of Record
Pro Se Parties